■ In the Matter of ALPHEAUS M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Final order, Family Court, New York County (McDonald, J., at fact-finding hearing; Sheindlin, J., at disposition and hearing on violation), entered on January 16, 1987, finding respondent committed acts which if committed by an adult would constitute the crime of attempted robbery in the third degree and directing respondent's placement with the Division for Youth, Title III, with authorization for detention in a secure facility for 18 months as a consequence of a violation of the initial order of probation, unanimously affirmed, without costs.

On June 2, 1986, respondent was adjudicated a juvenile delinquent upon a finding that he had committed acts which if committed by an adult would have constituted the crime of attempted robbery in the third degree. Respondent was placed on probation, the conditions of which included regular school attendance, regularly reporting to his probation officer, refraining from drug usage and avoiding conduct which would subject him to arrest. As a further condition of his probation, respondent was to enroll and cooperate in a youth program known as the Dome Project. On September 18, 1987, the People filed a petition alleging that respondent had violated his probation in that he had been arrested and charged with criminal possession of a weapon in the third degree and assault in the second degree stemming from his unlawful possession of a pistol which he had discharged, causing injury to another. Additionally, it was alleged that respondent had

violated the condition of his probation which required him to cooperate and join in a summer employment program known as the Dome Project. On January 16, 1987, after a probation violation hearing, respondent was found to have violated the conditions of his probation and was placed in a Division for Youth, Title III secure facility for a period of 18 months.

The appropriate standard of proof at a violation of probation hearing is proof by a preponderance of the evidence (see, Matter of Gregory M., 131 Misc 2d 942). A probation revocation is not part of the adjudicative process in juvenile delinquent proceedings, but rather is dispositional in nature (supra, at 944). Thus, the purpose of the violation hearing is not to establish defendant's guilt of the subsequent crime, but simply to determine whether a violation of probation has in fact occurred. Here, eyewitness testimony that respondent unlawfully possessed a gun, which discharged harming another, established by a preponderance of the evidence that respondent violated a condition of his probation by engaging in further unlawful conduct. Likewise, the testimony of Dome Project coordinator Robert Ellis established that respondent had violated a further condition of his probation by failing to cooperate with and participate in the Project's summer employment program.

Finally, there is no merit to respondent's claim that he was denied procedural due process at his probation violation hearing. Family Court Act § 360.3 specifically requires that a respondent be afforded an opportunity to both present evidence and to cross-examine the witness as against him and that he is entitled to counsel at all stages of the hearing. We find no deprivation of procedural due process herein. Concur—Murphy, P. J., Kupferman, Sullivan, Wallach and Rubin, JJ.