■ In the Matter of VINCENT B., a Person Alleged to be a Juvenile Delinquent, Appellant. ONEIDA COUNTY ATTORNEY, Respondent. [659 NYS2d 594] —Order unanimously affirmed without costs. Memorandum: Family Court did not err in allowing petitioner to amend the violation of probation petition to include allegations of additional missed probation appointments. Contrary to respondent's contention, Family Court Act

§ 311.5 does not apply to a petition alleging a violation of probation. "A probation revocation is not part of the adjudicative process in juvenile delinquent proceedings, but rather is dispositional in nature" (*Matter of Alpheaus M.,* 168 AD2d 208, 209). In any event, respondent was not prejudiced by the amendment. The court offered to adjourn the hearing for two weeks to afford respondent the opportunity to address the new allegations. Respondent refused the offer, however, stating that he needed only 24 or 48 hours to prepare a defense.

Upon our review of the record, we conclude that the court's determination that respondent violated the terms and conditions of his probation warranting the revocation of probation is supported by a preponderance of the evidence (*see, Matter of Alpheaus M., supra,* at 209).

Finally, we reject the contention of respondent that the court abused its discretion in failing to hold an additional dispositional hearing, and, instead, immediately revoking his probation and placing him with the Division for Youth for one year (*see, Matter of Lionel F.,* 152 AD2d 571, 572, *affd* 76 NY2d 747, *cert denied* 498 US 923). Respondent was not entitled to an additional hearing once the court found that respondent violated the terms of his probation (*see, Matter of Edwin L.,* 88 NY2d 593, 601). The decision to place respondent with the Division for Youth for one year is authorized by statute (*see,* Family Ct Act § 352.2 [1]). (Appeal from Order of Oneida County Family Court, Morgan, J.—Juvenile Delinquency.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.