[855 NE2d 1160, 822 NYS2d 746]

In the Matter of MARKIM Q., a Person Alleged to be a Juvenile Delinquent, Respondent.

Argued September 5, 2006; decided September 21, 2006

**POINTS OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Deborah A. Brenner, Leonard Koerner, Edward F.X. Hart* and *Drake A. Colley* of counsel), for appellant. I. The Second Department erred in reaching the merits of respondent's unpreserved argument. (*Matter of Neftali D.,* 85 NY2d 631; *Matter of Carliesha C.,* 17 AD3d 1057; *Matter of Eric F.,* 126 AD2d 39; *People v Iannone,* 45 NY2d 589; *Matter of Michael M.,* 3 NY3d 441; *Matter of Rodney J.,* 83 NY2d 503; *Matter of Jose R.,* 83 NY2d 388; *Matter of Vincent B.,* 239 AD2d 925; *People v Gray,* 86 NY2d 10; *Matter of Alpheaus M.,* 168 AD2d 208.) II. In any event, the attendance record was sufficient to support the violation of probation petition because it constituted prima facie evidence of respondent's truancy, and because it was undisputedly sufficient to prove his truancy by a preponderance of the evidence. (*Matter of Judge Rotenberg Educ. Ctr. v Maul,* 91 NY2d 298; *People v Gristina,* 186 Misc 2d 877; *Fragetti v Fragetti,* 262 AD2d 527; *Matter of Porcelain v Porcelain,* 94 Misc 2d 891; *People v Deegan,* 69 NY2d 976; *People v Kinne,* 71 NY2d 879; *Matter of Jahron S.,* 79 NY2d 632; *Johnson v Lutz,* 253 NY 124; *People v Kennedy,* 68 NY2d 569; *Ed Guth Realty v Gingold,* 34 NY2d 440.)

*Legal Aid Society, Juvenile Rights Division,* New York City (*Gary Solomon* and *Tamara A. Steckler* of counsel), for respondent. I. The Second Department's holding that the absence of any sworn allegations in the probation violation petition is a nonwaivable jurisdictional defect was compelled by this Court's previous decisions regarding the sufficiency of original juvenile delinquency petitions. (*Matter of Jahron S.,* 79 NY2d 632; *Mat-*

ter of Todd D., 288 AD2d 740; *Matter of Michael C.*, 238 AD2d 680; *Matter of Felix V.*, 216 AD2d 401; *Matter of Neftali D.*, 85 NY2d 631; *Matter of David T.*, 75 NY2d 927; *Matter of Detrece H.*, 78 NY2d 107; *Matter of Edward B.*, 80 NY2d 458; *Matter of Rodney J.*, 83 NY2d 503; *Matter of Michael M.*, 3 NY3d 441.) II. The Second Department properly found the truancy charge in the probation violation petition to be defective because the school attendance record supporting the charge does not contain the sworn allegations required by Family Court Act § 360.2 (2), because the statute does not permit use of a certified but unsworn business record, and because a certified business record is not the functional equivalent of a sworn deposition. (*Matter of Neftali D.*, 85 NY2d 631; *Matter of Steven DD.*, 243 AD2d 890; *Matter of Carlos MM.*, 238 AD2d 707; *Matter of Lionel O.*, 288 AD2d 705; *Matter of Charles BB.*, 277 AD2d 756; *Matter of Evan U.*, 244 AD2d 691; *People v Phillipe*, 142 Misc 2d 574; *Matter of Deshone C.*, 207 AD2d 756, 85 NY2d 801; *Matter of Rodney J.*, 108 AD2d 307; *People v Pacer,* 6 NY3d 504.)

## OPINION OF THE COURT

R.S. SMITH, J.

We have held that a petition originating a juvenile delinquency proceeding contains a nonwaivable jurisdictional defect when the crime charged and the alleged delinquent's commission of it are not supported by sworn, nonhearsay allegations (*Matter of Michael M.*, 3 NY3d 441 [2004]; *see Matter of Neftali D.*, 85 NY2d 631 [1995]; *Matter of Rodney J.*, 83 NY2d 503 [1994]). We now hold that the same is not true of a petition filed in the course of a juvenile delinquency proceeding alleging a violation of probation (a VOP petition). Only a defect in the petition originating the proceeding is "jurisdictional" in the sense that it need not be preserved and can be raised for the first time on appeal.

## Facts and Procedural History

On June 11, 2003, after a fracas between Markim Q. and a fellow student at his high school, the Corporation Counsel of the City of New York filed a petition charging Markim with acts that, if committed by an adult, would constitute assault in the third degree, attempted assault in the third degree, and menacing in the third degree. There is no claim that this original petition was defective in any way. Markim admitted the attempted assault charge, and Family Court adjudicated him a juvenile delinquent and placed him on probation for a year.

On January 20, 2004, the Department of Probation filed, in the same proceeding and under the same docket number, a VOP petition alleging that Markim had violated several conditions of his probation, including one requiring that he "attend school regularly." In support of that allegation, there was annexed to the VOP petition a computer printout titled "Individual Student Attendance Report" dated December 2, 2003, showing that in November 2003 Markim had been present in school on only eight days. The report was accompanied by two signed documents, one in which the principal of the school authorized a school employee to certify its records, and another in which the employee certified that the report was an accurate copy of a record concerning Markim, that the record was made in the regular course of business, and that it was the regular course of business to make such records at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.

Markim raised no objection to the sufficiency of the VOP petition. At a hearing on the alleged probation violation, the attendance report was received in evidence without objection, and Family Court found that Markim had violated probation by failing to attend school regularly. After a dispositional hearing, Family Court amended its earlier order of disposition to place Markim with the Office of Children and Family Services for up to 12 months.

Markim appealed from the amended order of disposition, arguing for the first time that the VOP petition violated Family Court Act § 360.2 in that neither the petition nor the documents supporting it contained a sworn or nonhearsay allegation of his failure to attend school. While the attendance record was concededly admissible in evidence at the hearing, as a record of a municipal corporation certified in accordance with CPLR 4518 (c), Markim argued that the petition itself was invalid absent an allegation under oath by a witness with personal knowledge. The Appellate Division, holding that the facial insufficiency of a VOP petition "is a nonwaivable jurisdictional defect and can be raised for the first time on appeal" (22 AD3d 498, 500 [2005]), accepted Markim's argument and reversed the amended order of disposition. We now reverse the Appellate Division's order and reinstate Family Court's amended order.

## Discussion

The issue is whether the defects which, according to Markim, infected the VOP petition required preservation, or could be

raised for the first time on appeal. Those defects were, according to Markim, violations of Family Court Act § 360.2 (2), which provides:

> "The [VOP] petition must be verified and subscribed by the probation service or the appropriate presentment agency. Such petition must stipulate the condition or conditions of the order violated and a reasonable description of the time, place and manner in which the violation occurred. Non-hearsay allegations of the factual part of the petition or of any supporting depositions must establish, if true, every violation charged."

Markim points out that this statute is in some ways similar to those governing petitions that begin juvenile delinquency proceedings. Family Court Act § 311.1 (4) says that the original petition "shall be verified in accordance with the civil practice law and rules," and section 311.2 (3) provides: "A petition [originating a juvenile delinquency proceeding] . . . is sufficient on its face when . . . non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof." Markim also notes that we have held original petitions to be jurisdictionally defective when their allegations are not sworn to (*Matter of Neftali D.*, 85 NY2d 631 [1995]) or lack nonhearsay support (*Matter of Rodney J.*, 83 NY2d 503 [1994]), and that we made clear in *Matter of Michael M.* (3 NY3d 441 [2004]) that such defects can be raised for the first time on appeal. Markim argues that similar flaws in VOP petitions should also be considered jurisdictional and nonwaivable. We disagree.

The reason that certain defects in original delinquency petitions—unlike almost all other procedural defects in court proceedings—are jurisdictional and nonwaivable is that the original petition has a special importance. "A juvenile delinquency petition is 'the sole instrument for the commencement, prosecution, and adjudication of the juvenile delinquency proceeding'" (*Rodney J.*, 83 NY2d at 506, quoting *Matter of Detrece H.*, 78 NY2d 107, 110 [1991]). "Compliance with the dictates of Family Court Act § 311.2 (3) is a formal prerequisite to a juvenile delinquency proceeding in the first instance" (*Neftali D.*, 85 NY2d at 634). When an original delinquency petition is "legally insufficient," the court lacks "a jurisdictional predicate to entertain the proceeding" (*id.*).

A VOP petition, by contrast, is not the foundation of the court's jurisdiction. It does not commence a new proceeding, but is simply a new step in an existing one. Here, Family Court's jurisdiction over Markim's case, validly created by the original delinquency petition, did not end when Markim was adjudicated a delinquent and placed on probation. On the contrary, Family Court Act § 360.1 (1) provides: "A respondent who is placed on probation shall remain under the legal jurisdiction of the court pending expiration or termination of the period of the order of probation." Since the court's jurisdiction continued, a VOP petition was not needed to create it, and the alleged flaws in the VOP petition of which Markim complains could not be "jurisdictional."

While the statutory language governing VOP petitions is in some way similar to that governing original petitions, there are differences more telling than the similarities. Family Court Act § 311.2 specifies when an original petition "is sufficient on its face"; no statute provides that a VOP petition is either "sufficient" or "insufficient." While of course the VOP petition, like many other pleadings in many proceedings, is substantively important, it is not critical to the court's jurisdiction, and defects in the VOP petition do not render it "insufficient" in the sense that they prevent the court from proceeding further.

The statute governing amendment of original delinquency petitions also illustrates their unique formal significance. The original petition may be amended as to "matters of form, time, place, names of persons and the like" (Family Ct Act § 311.5 [1]), but not to cure certain basic flaws, including "legal insufficiency of the factual allegations" (Family Ct Act § 311.5 [2] [b]). The Family Court Act makes no reference to the amendment of VOP petitions—from which Markim would have us draw the unlikely inference that they cannot be amended at all, even to correct ministerial errors. But we do not infer from the Legislature's silence that it intended, for some hard to imagine reason, to make every word in a VOP petition sacrosanct. We conclude, rather, that, because a VOP petition is not a jurisdiction-creating document, the Legislature felt no need to specify when it can or cannot be amended; it left that issue, like the amendment of most documents filed at interlocutory stages of most proceedings, to the discretion of Family Court. VOP petitions are amendable with Family Court's permission (*see Matter of Vincent B.*, 239 AD2d 925 [4th Dept 1997]).

The issue of amendability is important to this case, because it was part of the basis for our holding in *Michael M.* that certain

defects in original delinquency petitions do not require preservation. Quoting *People v Casey* (95 NY2d 354, 367 [2000]), we observed that "the curability of a particular procedural defect" is "a factor weighing in favor of requiring preservation," and pointed out that "a legally insufficient juvenile delinquency petition . . . cannot be cured by amendment" (3 NY3d at 449). Because defects in VOP petitions can be cured by amendment, there is a good reason, absent in the case of original petitions, for requiring a party to complain of those defects at a time when cure is still possible.

We hold, in short, that if the VOP petition in this case was defective in the way Markim now claims, he was not free to remain silent about the defects in Family Court and complain of them for the first time on appeal. When the Appellate Division considered the merits of his challenge to the VOP petition, it erred. We do not reach the merits, and imply no opinion about them.

Accordingly, the order of the Appellate Division should be reversed, without costs, and Family Court's amended order of disposition should be reinstated.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order reversed, etc.