Matter of Y.E.B. (2006 NY Slip Op 52297(U))

[*1]

Matter of Y.E.B.

2006 NY Slip Op 52297(U) [13 Misc 3d 1242(A)]

Decided on November 30, 2006

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 30, 2006

Family Court, Nassau County
In the Matter of Y.E.B., Respondent.
XXXX06

STEPHANIE L. HUBELBANK, ESQ.
Deputy County Attorney - Family Court Bureau
Attorney for the Presentment Agency
MYRKA A. GONZALEZ, ESQ.
Attorney for Respondent - Y.E.B.

Richard S. Lawrence, J.
Respondent moves this Court for the following relief:
For an order dismissing paragraph 3B of the violation petition as jurisdictionally defective pursuant to Family Court Act §311.2, in that it allegedly is not "sufficiently supported by non-hearsay allegations," and further that it is not a condition of the Respondent's current order of probation; and for a dismissal of the entire violation petition "for reasons of res judicata;" and also pursuant to Family Court Act §315.2 for such other and further relief as the Court may deem appropriate.
The history of this matter is as follows:
Respondent was initially arrested on or about May 26, 2004, upon a petition that alleged acts which, if the Respondent were an adult, would be coercion in the first degree in violation of §135.65 of the Penal law, a class D felony and coercion in the second degree in violation of §135.60 of the Penal Law, a class A
misdemeanor. A fact-finding hearing commenced on May 30, 2004 and concluded on July 21, 2004 with respect to that petition; the acts constituting coercion in the first degree were dismissed and the Court made an affirmative finding with respect to the acts of coercion in the second degree. Thereafter at a dispositional conference, Respondent was placed on probation on consent for a period of 24 months, from September 2, 2004. In addition to the usual conditions of probation supervision, special conditions con-sisted of the following: "no contact with the victim; no gang affiliations or associations, except for Respondent's brother; and Respondent to continue in counseling as directed."
On January 3, 2005, petition A was filed, alleging certain violations of the order of probation. An admission was taken as to Respondent's continuance of illegal drug use, which resulted in a disposition of a new probationary period of two years commencing January 28, 2005. In addition to the usual conditions of proba-
[*2]
tion supervision, the only special condition was: "cooperate with Brentwood Outreach House residential substance abuse treatment as directed by Probation."
On February 24, 2005, petition B was filed alleging a vio-lation of the order of probation of January 28, 2005, in that
Respondent left her placement at Brentwood Outreach House and had not returned to the program. That petition was settled, without admission, on February 24, 2005, whereby, on consent, Respondent was continued on her probation pursuant to order dated January 28, 2005.
Thereafter on January 26, 2006, a third violation petition was filed alleging that Respondent was in violation of various provisions of the order of probation dated September 2, 2004. A fact-finding hearing was held with respect to petition C on February 21 and February 22, 2006, resulting in this Court's dis-missing the entire petition after Petitioner's case; and the prior order of probation dated January 28, 2005 was continued.
Violation petition D was then filed on August 7, 2006, alleging that Respondent violated her order of probation dated January 28, 2005, in that she left the residence and did not return, that her mother (with whom she resided) filed a missing persons report, and that Respondent's whereabouts remained unknown. The Court also issued a warrant of arrest for the Respondent. The warrant was executed on August 23, 2006, and a denial was entered, Respondent was remanded to the Juvenile Detention Center, and the
matter was set down for a conference on August 25, 2006, at which time the Presentment Agency withdrew the petition.
Thereafter, and on August 25, 2006, a fifth violation petition was filed alleging four specific violations of the order of pro-
bation supervision of January 28, 2005. On Respondent's motion, the fourth allegation was dismissed upon res judicata grounds; and the second and third allegations were dismissed as, even if they were proven, they did not amount to a violation of the order of pro-bation. That left one allegation, which was the subject of a hear-
ing on September 20, 2006. After hearing, that petition E was dis-missed.
On September 25, 2006 the instant petition F was filed by the Presentment Agency, alleging two specific violations of the order of probation dated January 28, 2005.
Thereafter and on October 13, 2006, petition G was filed, alleging three specific violations of the order of probation of January 28, 2005 and a warrant was issued for Respondent's arrest. That warrant was executed on October 19, 2006; a denial was entered and the Respondent was remanded to the Juvenile Detention Center, where she still remains. (Although this violation petition is
mentioned here, it is irrelevant to this Court's determination regarding the instant motion, other than by way of history.)
The Court will address Respondent's arguments seriatim.
Initially, Respondent claims that the current violation peti-
tion is jurisdictionally defective, in that it is not supported by
non-hearsay allegations. Although until recently the failure to include non-hearsay allegations to support a petition alleging a violation of probation was jurisdictionally defective, mandating a dismissal of the petition, this no longer is the law.
In Matter of Markim Q., 7 NY3d 405 (2006), the Court of Appeals, referring to Family Court Act §360.2(2), held that if the violation petition were defective in that regard, then the Presentment Agency had the right to amend the petition, so long as there was no prejudice to the Respondent, and that such petition
was not jurisdictionally defective. 
The Court of Appeals stated at pages 407-410:
We have held that a petition originating a
juvenile delinquency proceeding contains a
non-waivable jurisdictional defect when the
crime charged and the alleged delinquent's
commission of it are not supported by sworn,
non-hearsay allegations(citations omitted).
We now hold that the same is not true of a
petition filed in the course of a juvenile
delinquency proceeding alleging a violation
of probation (a "VOP petition"). Only a defect
in the petition originating the proceeding is
"jurisdictional" in the sense that it need not
be preserved and can be raised for the first
time on appeal...
The Appellate Division, holding that the facial
insufficiency of a VOP petition "is a non-
waivable jurisdictional defect and can be raised
[*3]
for the first time on appeal," accepted Markim's
argument and reversed the amended order of
disposition. We now reverse the Appellate
Division's order and reinstate Family Court's
amended order...
The reason that certain defects in original
delinquency petitions - unlike almost all
other procedural defects in court proceedings -
are jurisdictional and non-waivable is that the
original petition has a special importance. A
juvenile delinquency petition is "the sole
instrument for the commencement, prosecution and
adjudication of the juvenile delinquency pro-
ceeding (citations omitted)." ...
A VOP petition, by contrast, is not the foundation
of the court's jurisdiction. It does not commence
a new proceeding, but is simply a new step in
an existing one. Here, Family Court's jurisdiction
over Markim's case, validly created by the original
delinquency petition, did not end when Markim was
adjudicated a delinquent and placed on probation...
On the contrary, Family Court Act §360.1(1) pro-
vides: "A respondent who is placed on probation
shall remain under the legal jurisdiction of the
court pending expiration or termination of the
period of the order of probation." Since the
court's jurisdiction continued, a VOP petition
was not needed to create it, and the alleged flaws
in the VOP petition of which Markim complains could
not be "jurisdictional."...
The Family Court Act makes no reference to the
[*4]
amendment of VOP petitions from which Markim
would have us draw the unlikely inference that
they cannot be amended at all, even to correct
ministerial errors. But we do not infer from the
Legislature's silence that it intended, for some
hard to imagine reason, to make every word in a
VOP petition sacrosanct. We conclude, rather,
that, because a VOP petition is not a jurisdiction-
creating document, the Legislature felt no need to
specify when it can or cannot be amended; it left
that issue, like the amendment of most documents
filed at interlocutory stages of most proceedings,
to the discretion of Family Court. VOP petitions
are amendable with Family Court's permission
(citations omitted).
(In a recent case, in a matter of first impression, the Court of Appeals' reasoning in Matter of Markim Q., was held to apply to a restoration of an ACOD to the Court's calendar. See In the Matter of R.D.; NYLJ 11/13/06 p. 25 col. 1, 2006 NY Slip Op 51967U (Family
Court of New York, Nassau County, 2006, Lawrence, J.).
Respondent's next argument is that various of the petitions filed against this Respondent must be "joined, where [there are] two crimes based upon the same act or upon the same criminal transaction," and that the failure of the Presentment Agency to do
so is fatal to its proceeding. Respondent refers specifically to Family Court Act §311.5 and §311.6. However, those sections deal
solely with the original underlying petition, alleging acts committed by the Respondent which, if she were an adult, would be crimes. Clearly, alleged violations of probation are not necessarily crimes and therefore those two sections of the Family Court Act are inapplicable. In this regard, this Court finds the Respondent's argument that res judicata somehow applies, to be misplaced.
This Court knows of no statutory authority, and counsel cites no case law, to the effect that all alleged violations, as of a particular date, must be included in one petition, or the Present-
ment Agency is forever barred.
Lastly, Respondent argues that pursuant to Family Court Act §315.2, the instant petition should be dismissed "in the interest of justice," and Respondent has thoroughly reviewed each of the seven factors which the Court may take into account, in order to grant such a dismissal. For a thorough discussion of this statute, see In the Matter of L.M., 13 Misc 3d 1218A (Family Court of New
York, Nassau County, 2006, Lawrence, J.). However, §513.2 is addressed solely to the underlying petition itself, regarding acts which would be crimes if the Respondent were an adult, and is not addressed to petitions alleging a violation of probation. Firstly, the very first sentence of that section states that it may be applicable to avoid " a finding of delinquency," and many of the seven criteria specifically mention the word "crime." Again, a violation of probation need not allege a crime and in fact the violation petition at bar alleges no crime, but merely violations of the Respondent's probation. In addition, that section is at the beginning of Article 3 which deals solely with an original under-lying petition, and does not appear further in that Article, dealing with violations of probation. 
See also Matter of Alpheaus M., 168 AD2d 208 (1st Dept 1990) in which the court stated at p. 209: "the purpose of the violation hearing is not to establish defendant's guilt of the subject crime, but simply to determine whether a violation of probation has in fact occurred."
In another interesting argument, Respondent alleges that, since the period of probation supervision has been stayed, that she therefore is no longer subject to the conditions of probation supervision, and therefore she could not have violated any such condition.
Family Court Act §360.2(4) states that when a violation peti- tion is filed, alleging violations of an order of probation super-
vision or of a conditional discharge, then the time of probation or
conditional discharge "shall be interrupted as of the date of filing of the petition. Such interruption shall continue until a final determination" of the petition has been made.
Accordingly, this statute is simply a tolling of the proba-
tionary period, and precludes the termination of the probationary period while the petition is pending. See McKinney's Commentary by Besharov and Sobie. Although the statute tolls the probationary period, it in no way temporarily vacates it. Respondent's counsel does not cite any statute or case law to the contrary, nor for her proposition that all of the conditions of probation supervision are somehow suspended so that the Respondent need not comply with any of them.
Were it otherwise, then all any Respondent would have to do would be to violate her conditions of probation, and immediately upon the filing of a violation petition, she would be [*5]free of any probationary conditions, including drug testing, drug treatment, meeting with the probation officer, conditions regarding schooling,
therapy, counseling and the entire panoply of services usually mandated for probation supervision. In this Court's opinion, such
a result cannot have been contemplated by the Legislature when §360.2 was enacted, and this Court declines to give the statute such an interpretation. It is this Court's considered opinion, that although the probationary period is tolled during the pendency of the violation petition, in no way is the Respondent released from the conditions of probation.
In fact, this question was directly addressed in People v Persons 181 Misc 2d 189 (County Ct of New York, Nassau Cty, 1999). There, too, the probationer, in an adult criminal court case, alleged that once he was charged with violating his probation, he was no longer on probation nor subject to the terms and conditions of his probation. The criminal law statute is set forth at CPL §410.50, which states in part that "the Probation Department has
the duty of supervising the defendant." (This Court notes that the CPL statute is similar to FCA §360.1(2) which states "the probation service shall supervise the respondent during the period" of probation, until it is terminated or has expired.)
As set forth in People v Persons, supra at p. 195: "[t]he tolling provision provides only for the extension of the actual
period of probation and does not authorize the suspension of the conditions which can only be done by an order of the court terminating the sentence of probation."
See also Matter of Carliesha C., 17 AD3d 1057 (4th Dept 2005), which states that pursuant to Family Court Act §360.1(1) "Respondent remained under the court's jurisdiction pending expiration or termination of the period of the order of pro-bation.'"
Respondent further argues that while he was on probation, that he had an absolute right to counsel before being questioned by the probation officer. This argument is rejected by this Court, as case law is clear that Respondent is not automatically entitled to counsel, not even counsel who represented him during the pendency of the initial juvenile delinquency matter (nor any subsequent
violations of any order of probation). People v Bing, 76 NY2d 331 (1990) is the leading case in this area, having been cited 205 times; and People v Robles, 72 NY2d 689 (1988). See also United States v Rea, 678 F2D 382 (2d Circuit 1982), stating at p. 390, that the defendant "had no right to have a lawyer present during an interview with his probation officer," which interview resulted in a probation revocation hearing; and People v Miller, NYLJ, 6/15/2005, p 19, col 1, Sup. Ct of New York, Kings Cty 2005, stating that a defendant's right to counsel does not attach [*6]until the actual filing of the accusatory instrument (i.e. the petition alleging a violation of probation and "the pendency of that charge [before filing of the petition] did not, by itself, bar the police from questioning the defendant" on an unrelated matter. See also People v Persons, supra at p. 196, in which the court held that, in a violation of probation case "the argument that the defendant was automatically represented by counsel on the violation of probation charges must fail. When a prior charge has been disposed of by dismissal or conviction, the indelible right to counsel disappears and the defendant is capable of waiving counsel on the new charge." 
Respondent further argues, in effect, that if the violations in the petition at bar occurred, that they did not violate any of the conditions of Respondent's order of probation of January 28, 2005, and that the petition must be dismissed for that reason. As mentioned earlier in this decision, the probation order of January 28, 2005 contains the usual conditions of probation, together with the following: "cooperate with Brentwood Outreach House residential substance abuse treatment as directed by Probation." The Court notes that the three specific conditions of the order of probation supervision of September 2004, do not appear in the order of January 28, 2005.
The first allegation in the matter at bar alleges that Respondent failed to report to probation on August 8, 2006, and again on August 22, 2006. If proven, that allegation would violate Paragraph 4 of the conditions of probation supervision, which
states "Report to the Probation Officer as directed and meet with the Officer as directed." The second allegation alleges that Respondent failed to attend her treatment at Glen Cove Community House on August 8, 2006. If proven, that allegation would violate paragraph seven of the conditions of probation supervision, which
states "cooperate with a mental health or other facility as directed by the Probation Officer."
Accordingly, Respondent's instant motion to dismiss is denied in its entirety.
This constitutes the Findings, Decision and Order of this Court.
Dated: Westbury, New York
November 30, 2006