Matter of Jonathan V. (2007 NY Slip Op 27063)

Matter of Jonathan V.

2007 NY Slip Op 27063 [15 Misc 3d 462]

February 15, 2007

DiDomenico, J.

Family Court, Richmond County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Thursday, June 14, 2007

[*1]
In the Matter of Jonathan V., a Person Alleged to be a Juvenile Delinquent, Respondent.
Family Court, Richmond County, February 15, 2007

APPEARANCES OF COUNSEL

Legal Aid Society, Staten Island (Rebecca Ivry of counsel), Law Guardian. Michael A. Cardozo, Corporation Counsel, Staten Island (Lisa Donovan of counsel), for presentment agency.

OPINION OF THE COURT

Catherine M. DiDomenico, J.
On December 12, 2006, the Department of Probation filed a petition alleging that respondent, Jonathan V., violated the terms of his probation by associating with his former corespondent, Michael B. On December 13, 2006, respondent was arraigned and the Law Guardian moved to dismiss the violation petition as facially insufficient because the order of disposition does not contain a stated term or condition requiring respondent to stay away from Michael B. A written motion was submitted on December 14, 2006 and opposition was received the following day. On December 18, 2006, respondent's motion was denied on the ground that resolution of the motion involved a mixed question of law and fact that could not be decided absent a hearing. This matter proceeded to a fact-finding hearing on January 2, 2007 and January 5, 2007.
At the fact-finding hearing, the presentment agency called two witnesses: Alan S., New York City Corporation Counsel, Borough Chief, Manhattan Family Court, and Probation Officer A. Probation's Investigation and Report, dated October 20, 2006, was received as Respondent's A. Respondent did not call any witnesses. Respondent conceded that he was on a bus with Michael B. as alleged in the petition. After considering the testimony of the presentment agency's witnesses and observing their demeanor, this court credits their testimony and finds that the following facts have been proved at fact-finding:
[*2]
On October 16, 2006, respondent was adjudicated a juvenile delinquent after fact-finding. On October 27, 2006, this court issued an order of disposition in which respondent was placed on probation for a period of 18 months. On October 27, 2006, Probation Officer A. met with respondent and his mother to discuss the terms and conditions of his probation. At this meeting Officer A. told respondent that, in addition to reporting to probation every Thursday, attending school at Port Richmond High School, and attending the Brooklyn Link Program, respondent had to stay away from his corespondent Michael B. Probation Officer A. testified that it is the practice of the Department of Probation to notify all probationers to stay away from corespondents and other persons with a criminal background or history. Respondent and his mother indicated to Probation Officer A. that they understood the probation terms, including the prohibition against associating with Michael B.
On November 17, 2006, Alan S. went to Harlem Hospital to investigate a shooting that had occurred on November 15, 2006 during which this respondent was injured. Mr. S. spoke with respondent in the hospital. At that time, respondent admitted that he was on a bus with several individuals, including Michael B. Respondent and Michael B. were arrested in connection with that alleged event for which respondent is being prosecuted in New York County Family Court (Docket No. E-14279-06).

The Applicable Law

Pursuant to Family Court Act § 353.2 (1) (b), the court may order a period of probation if, after considering the nature of the crime and the history, character, and condition of the respondent, it is of the opinion that the respondent is in need of guidance, training or other assistance which can be effectively administered through probation. The respondent must be given a written copy of the conditions at the time probation supervision is ordered. (Family Ct Act § 353.2 [5].) The court may revoke an order of probation or conditional discharge if the court has found that the respondent has violated a condition of such order and the respondent has had an opportunity to be heard. (Family Ct Act § 360.3.)
The Department of Probation may file a petition of violation if there is reasonable cause to believe the respondent has violated a condition of probation. (Family Ct Act § 360.2.) The petition must be verified and subscribed by the Probation Department, must stipulate the terms of the order violated and include a description of the time, place, and manner in which the violation occurred. (Family Ct Act § 360.2 [2].) The standard of proof at a violation of probation hearing is a preponderance of the evidence (Matter of Gregory M., 131 Misc 2d 942 [1986]). A probation revocation hearing is not part of the adjudicative process in juvenile delinquent proceedings, rather it is dispositional in nature. (Id. at 944.) The purpose of a probation violation hearing is not to determine the juvenile's guilt of the subsequent crime, but to determine whether the conduct itself constitutes a violation of probation. (Matter of Alpheaus M., 168 AD2d 208 [1st Dept 1990].)
It is not disputed that the only document containing the terms and conditions of this respondent's probation is the order of disposition dated October 27, 2006. That order provides [*3]in relevant part as follows:
"Respondent is to comply with all of the technical rules of Probation including, but not limited to, reporting to the assigned Probation Officer as directed, keeping the assigned Probation Officer advised of the Respondent's current address and school, permitting the assigned Probation Officer to visit the Respondent at home or at school, and permitting the assigned Probation Officer to obtain information from the Respondent's school or from any person or agency from whom the Respondent is receiving or may be directed to receive treatment, counseling or services."
The presentment agency argues that the prohibition against respondent associating with his corespondent is a technical rule of probation that need not be specifically included in the order of disposition. This court agrees. Probation Officer A. testified that he told respondent, in the presence of his mother, to stay away from Michael B. He further testified that this is a standard requirement of probation for respondents to be directed to stay away from those who were also charged with them for the same crimes. This testimony is sufficient to sustain the petition. (See Family Ct Act § 353.2 [5]; § 360.2.)
In support of its argument that the petition is facially insufficient for failure to state the allegedly violated condition, respondent relies primarily on Matter of Donald B. (90 AD2d 848 [2d Dept 1982]). Matter of Donald B. was decided prior to enactment of article 3 of the Family Court Act which governs juvenile delinquency proceedings. However, even if Matter of Donald B. were applicable, it would not dictate a contrary result. There, the Appellate Division remanded the violation petition back to Family Court for a hearing to determine whether the allegedly violated term was explained to the juvenile probationer in writing or orally, such as the case here.
The criminal court cases relied upon by respondent are similarly distinguishable. (See People v Fuller, 57 NY2d 152 [1982]; People ex rel. Benacquista v Blanchard, 267 App Div 663 [3d Dept 1944]; People v K.D., 4 Misc 3d 776 [2004].) Unlike a criminal proceeding which is punitive in nature, "[t]he overriding intent of the juvenile delinquency article is to empower Family Court to intervene and positively impact the lives of troubled young people while protecting the public." (Matter of Robert J., 2 NY3d 339, 346 [2004].) To achieve this purpose, the terms of probation must be flexible to meet the needs of a respondent as those needs are identified and assessed during the probationary period. To insist that every probation term be anticipated and specified by the Family Court Judge at the time the order of disposition is entered is impracticable and arguably inconsistent with the purpose of an article 3 proceeding.

Conclusion

This court finds that the presentment agency has proved, by a preponderance of the evidence, that respondent was informed that staying away from Michael B. was a condition of his probation and that he violated this term of his probation when, on November 15, 2006, he [*4]was in the company of, and arrested with, this individual. The petition is sustained.