■ In the Matter of DAVID Q., Alleged to be a Juvenile Delinquent. OTSEGO COUNTY PROBATION DEPARTMENT, Respondent; DAVID Q., Appellant. (And Another Related Proceeding.) [873 NYS2d 780]—

Kane, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered July 9, 2007, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent in willful violation of a prior order of disposition.

Family Court adjudicated respondent a juvenile delinquent and placed him on probation for one year. Petitioner filed a petition alleging that respondent violated the order of probation by, among other things, being absent from his parents' house without permission for 24 hours. While he was temporarily removed from his home pending the disposition of that petition, petitioner filed another petition based upon respondent making a homicidal threat against his foster mother. Following a hearing, Family Court found respondent in willful violation of the prior order. After a dispositional hearing, the court modified its prior order and placed respondent in a secure placement with the Office of Children and Family Services for one year. Respondent appeals.

The violation petitions are not jurisdictionally defective. While the absence of nonhearsay allegations renders an initial juvenile delinquency petition jurisdictionally defective, the same is not true for a petition alleging a violation of probation within an existing juvenile delinquency proceeding (*see Matter of Markim Q.*, 7 NY3d 405, 409-410 [2006]; *compare Matter of Darrell CC.*, 299 AD2d 757, 757 [2002]). Although the violation petitions here did not comply with the statutory requirement for nonhearsay allegations (*see* Family Ct Act § 360.2 [2]), Family Court had continuing jurisdiction under the original proceeding during respondent's term of probation (*see* Family Ct Act § 360.1 [1]). Because the court had jurisdiction over respondent and this matter, respondent was required to raise the statutory defect to preserve it, which he failed to do (*see Matter of Markim Q.*, 7 NY3d at 410-411). To the extent decisions of our Court decided prior to *Matter of Markim Q.* (7 NY3d 405 [2006], *supra*) hold otherwise (*see e.g. Matter of Nicholas RR.*, 290 AD2d 680 [2002]; *Matter of Todd D.*, 288 AD2d 740 [2001]; *Matter of Shannon F.*, 276 AD2d 847 [2000]; *Matter of Steven DD.*, 243 AD2d 890 [1997]; *Matter of Michael C.*, 238 AD2d 680 [1997]), they should no longer be followed. The failure to raise this deficiency in the violation petitions did not amount to ineffective assistance of counsel, as petitioner could have amended the violation petitions to cure those defects had counsel raised the issue in Family Court.

Family Court did not violate respondent's 6th Amendment rights by limiting cross-examination of a Department of Social Services caseworker. The caseworker testified regarding respondent's various prior placements and services offered at each placement. The court sustained objections to questions on specific details regarding each service offered by outside agencies, as the caseworker had already testified that he did not have knowledge of those details. Further questions on each potential service would be repetitive and yield no additional information. Thus, this ruling fell within the court's authority to limit the scope of the testimony to material and relevant evidence (*see People v Krug*, 282 AD2d 874, 879 [2001], *lv denied* 98 NY2d 652 [2002]; *Matter of Berghorn v Berghorn*, 273 AD2d 595, 597 [2000]; *Matter of Heather J.*, 244 AD2d 762, 763-764 [1997]).

Respondent's remaining contentions have been reviewed and are without merit.

Cardona, P.J., Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.