■ In the Matter of JORDAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [953 NYS2d 868]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jordan C. appeals from (1) an order of the Family Court, Orange County (Kiedaisch, J.), dated December 1, 2011, and (2) an order of fact-finding and disposition of the same court entered January 31, 2012, which, after a hearing, found that he had violated the terms and conditions of his probation, vacated a prior order of disposition of the same court dated July 15, 2011, placing him on probation, and thereupon placed him in the custody of the Commissioner of Social Services of Orange County for a period of 12 months for the purpose of effecting a suitable placement.

Ordered that the appeal from the order dated December 1, 2011, is dismissed, without costs or disbursements, as that order was superseded by the order of fact-finding and disposition entered January 31, 2012; and it is further,

Ordered that the order of fact-finding and disposition entered January 31, 2012, is affirmed, without costs or disbursements.

The presentment agency correctly concedes that the petition alleging that the appellant violated the terms and conditions of his probation (hereinafter the violation petition) was facially insufficient because it was not supported by nonhearsay allegations which would "establish, if true, every violation charged" as required by Family Court Act § 360.2 (2). However, the failure of a violation petition to comply with the requirements of Family Court Act § 360.2 (2) is not a jurisdictional defect (*see Matter of Markim Q.*, 7 NY3d 405, 407 [2006]; *Matter of David Q.*, 59 AD3d 868, 869 [2009]). "Because defects in [violation] petitions can be cured by amendment, there is a good reason, absent in the case of original petitions, for requiring a party to complain of those defects at a time when cure is still possible" (*Matter of Markim Q.*, 7 NY3d at 411). Thus, the failure of a violation petition to comply with the statutory requirements for nonhearsay allegations is not an issue which may be raised for the first time on appeal (*see Matter of Markim Q.*, 7 NY3d at 411). Accordingly, we conclude that the appellant waived his

challenge to the sufficiency of the violation petition by failing to make a timely objection to the petition in the Family Court.

Furthermore, the failure of the appellant's attorney to timely object to the sufficiency of the violation petition did not deprive the appellant of the effective assistance of counsel, since the presentment agency could have amended the petition to cure its defects had the issue been raised in the Family Court (*see Matter of David Q.*, 59 AD3d at 869). Eng, P.J., Dillon, Lott and Cohen, JJ., concur.