Matter of Soto v Tekulsky (2025 NY Slip Op 07390)

Matter of Soto v Tekulsky

2025 NY Slip Op 07390

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-03416
 (Index No. 603675/22)

[*1]In the Matter of Julio Fredy Polanco Soto, appellant, 
vSteven Tekulsky, etc., et al., respondents.

Patricia Weiss, Sag Harbor, NY, for appellant.
Sokoloff Stern, LLP, Carle Place, NY (Steven C. Stern and Sanjana Biswas of counsel), for respondent Steven Tekulsky.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Marc A. Lindemann of counsel), for respondents Thomas Branco and County of Suffolk.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), respondent pro se.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to prohibit the respondents/defendants from imposing as a condition of restoring the petitioner/plaintiff's probation, an additional 139 days of probation, by failing to credit the petitioner/plaintiff with the period from June 18, 2021, through November 3, 2021, and action for a judgment declaring that failing to credit him with that period was unlawful and for an award of attorneys' fees, costs, and disbursements, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (George Nolan, J.), dated March 28, 2023. The order and judgment granted the separate motions of the respondents/defendants Thomas Branco and County of Suffolk and the respondent/defendant Steven Tekulsky pursuant to CPLR 3211(a) to dismiss the petition/complaint, denied the petition, and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents/defendants appearing separately and filing separate briefs.
On September 17, 2009, the petitioner/plaintiff (hereinafter the petitioner) was sentenced to a term of probation of three years following his conviction, upon his plea of guilty, of driving while intoxicated and driving without a valid license. In November 2010, the petitioner returned to his home country of Peru, did not report to the probation department on January 6, 2011, February 8, 2011, February 22, 2011, March 8, 2011, and March 22, 2011, and did not inform the probation department of where he was. His failure to report and to make his whereabouts known were attested to by his probation officer. In April 2011, the Justice Court, Town of East Hampton, declared the petitioner delinquent, and a warrant was issued for his arrest.
On May 26, 2021, the petitioner and his counsel appeared before the Justice Court. [*2]On November 3, 2021, the petitioner pleaded guilty to violation of probation, with a promised sentence to restoration to probation with "no credit for the time he was in violation," which included the period from June 18, 2021, through November 3, 2021, and an amended judgment was issued to that effect.
In March 2022, the petitioner commenced the instant hybrid proceeding pursuant to CPLR article 78, among other things, to prohibit the respondents/defendants from imposing as a condition of restoring the petitioner's probation, an additional 139 days of probation, by failing to credit him with the period from June 18, 2021, through November 3, 2021, and action for a judgment declaring that failing to credit him with that period was unlawful and for an award of attorneys' fees, costs, and disbursements.
The order and judgment dated March 28, 2023, appealed from granted the separate motions of the respondents/defendants Thomas Branco and County of Suffolk and the respondent/defendant Steven Tekulsky pursuant to CPLR 3211(a) to dismiss the petition/complaint, denied the petition, and dismissed the proceeding/action on the ground that errors in criminal proceedings are reviewable on direct appeal from a judgment of conviction. Thereafter, the amended judgment rendered November 3, 2021, was affirmed by the Appellate Term, Second Department (see People v Soto, 79 Misc 3d 130[A], 2023 NY Slip Op 50784[U]). The petitioner successfully completed his term of probation and was released from supervision.
The petitioner's contentions were reviewable on direct appeal from the amended judgment. As noted by the Appellate Term, Second Department, on direct appeal, the Justice Court had subject matter jurisdiction to render the amended judgment, since the violation of probation petition "'is not the foundation of the court's jurisdiction. It does not commence a new proceeding, but is simply a new step in an existing one.' Therefore, contrary to [the petitioner's] contention, a CPL 410.70 statement is not the functional equivalent of an accusatory instrument and, thus, the Justice Court had subject matter jurisdiction over the instant matter. In addition, contrary to [the petitioner's] contention, the April 2011 filing of the [declaration of delinquency] tolled the expiration of the three-year term of probation (see Penal Law § 65.15[2]; People v Douglas, 94 NY2d 807, 808 [1999])" (People v Soto, 79 Misc 3d 130[A], 2023 NY Slip Op 50784[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists], quoting Matter of Markim Q., 7 NY3d 405, 410). Further, CPL 410.50(1) provides that "[a] person who is under a sentence of probation is in the legal custody of the court that imposed it pending expiration or termination of the period of the sentence."
Contrary to the petitioner's contention, People v Pagan (19 NY3d 368) is inapposite to this case. In that case, the Court of Appeals held that an order modifying the conditions of a sentence of probation is not an appealable paper (see id. at 369-371). However, in this case, an amended judgment was issued upon an adjudication, upon a plea of guilty, of violation of probation. Upon sustaining the violation of probation, the court may modify the sentence and extend the period of probation (see CPL 410.70[5]). The amended judgment and the sentence, which is a part of that judgment, is subject to direct appeal (see People v Howard, 121 AD2d 743).
The petitioner's remaining contentions are either without merit or not properly before this Court.
Accordingly, we affirm the order and judgment.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

2023-03416 DECISION & ORDER ON MOTION
In the Matter of Julio Fredy Polanco Soto,
appellant, v Steven Tekulsky, etc., et al.,
respondents.
(Index No. 603675/22)

Appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County, dated March 28, 2023. Motion by the appellant to take judicial notice of certain material. By decision and order on motion of this Court dated April 29, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon argument of the appeal, it is
ORDERED that the motion is denied as unnecessary (see 22 NYCRR 670.15[g]).
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court